EZRA BLISS *vs.* WILLIAM A. FRANKLIN.

In an action of tort for a malicious prosecution, the defendant's wife is not a competent wit-
ness, under *St.* 1865, *c.* 207, to testify to facts and circumstances connected with the
transaction out of which the alleged malicious prosecution arose; or to testify that, before
the prosecution was instituted, she communicated these facts and circumstances to him.

It is not competent for the defendant, in an action of tort for a malicious prosecution, to
show in mitigation of damages that the plaintiff had instituted similar proceedings
against him.

TORT for a malicious prosecution, in complaining of the plain-
tiff for perjury and procuring the grand jury to indict him
therefor.

At the trial in the superior court, before *Brigham*, J., it ap-
peared that the prosecution grew out of a controversy between
the parties as to an alleged loan of four hundred dollars by the
plaintiff to the defendant, which the plaintiff sought to recover
back. The question in dispute was, whether the money, which
it appeared was delivered by the plaintiff to the defendant, was
so delivered as a loan, or whether it belonged to the defendant;
and this depended upon the question whether a certain armory
building in Providence, Rhode Island, which had been sold by
the plaintiff, was the property of the plaintiff or of the defendant.
Nearly all of the four hundred dollars was the proceeds of that
sale; and on the trial of the action, brought by the plaintiff in
the superior court to recover back that sum, the alleged perjury
was committed.

The defendant originally owned the armory building, but at
an auction sale of it by him the plaintiff bid it off; and the de-
fendant contended that in so doing the plaintiff acted as his
agent. Upon the subsequent sale of the building by the plain-
tiff, it was agreed between the parties that the settlement
between them should be conducted by the defendant's wife, in
behalf of the defendant; and the plaintiff accordingly had re-
peated conversations with her, in the defendant's absence,
relating to the four hundred dollars, and he paid this sum to her
for the defendant. The defendant thereupon offered her as a

witness to testify in his behalf to these transactions and conversations, but she was excluded.

The defendant then offered to show by her, as a ground of probable cause, that she communicated to him, before the institution of the complaint, the facts which came to her knowledge relating to the whole transaction, while acting as his agent; but this was also excluded.

The defendant then offered to show, in mitigation of damages, that the plaintiff had instituted a complaint against him, similar to the one now complained of; upon which complaint the defendant had been arrested and bound over, though no indictment was found against him thereon; but the evidence was excluded.

The jury returned a verdict for the plaintiff, with $675 damages; and the defendant alleged exceptions.

*T. Weston, Jr.,* for the defendant.

*W. W. Blodgett,* for the plaintiff.

CHAPMAN, J. It is conceded that the defendant's wife was not a competent witness in the case, unless she was made so by *St.* 1865, *c.* 207. That statute makes the wife of a party competent " whenever the contract or cause of action in issue and on trial was made or transacted with the wife of any one of the parties in the absence of her husband." But it provides that she shall not be allowed to testify as to private conversations with her husband.

The cause of action in issue and on trial in this case was a malicious prosecution, which the plaintiff alleged that the defendant had caused to be instituted against him. It was not pretended that the defendant's wife had any agency in instituting the prosecution. It was a complaint and a subsequent indictment, charging the plaintiff with the crime of perjury on the trial of an action which had been pending between these parties in the superior court. The testimony given by the plaintiff related to certain transactions between these parties. In these transactions the defendant's wife had acted as her husband's agent; but she had had no connection with the alleged perjury. The alleged perjury was not a part of the transactions, but was subsequently committed in testifying about them, if the

plaintiff was guilty of it at all. We do not think the statute extends to such a case, for it is not in any sense true that " the cause of action in issue and on trial was made or transacted with the wife."

The testimony of the wife, as to communications which she made to her husband respecting the transactions, is excluded by the plain words of the statute.

The offer of the defendant to prove, in mitigation of damages, that the plaintiff had instituted a complaint against him, charging him with perjury, is not sustained by any authority cited. The cases of *Watts* v. *Fraser*, 7 C. & P. 369, and *Fraser* v. *Berkeley*, Ib. 621, do not apply to a case like this. In the first case it was held that one who is sued for a libel may prove, in mitigation of damages, that he was provoked to the act by a libel of the plaintiff upon him. In the second case it was held that one who is sued for an assault may prove, in mitigation of damages, that he was provoked to it by a libel of the plaintiff upon him. But we find no case where it has been held that such an act as a malicious prosecution is excused or palliated by the fact that the person prosecuted had committed a similar offence against the prosecutor. Excited feeling can be no apology for entering a court of justice and making or instigating a malicious prosecution. It is in the highest degree reprehensible to make the criminal law or a court of criminal jurisdiction an instrument for gratifying private malice or excited passion. The only purpose which the law recognizes as justifiable or excusable, in promoting a criminal prosecution, is to aid the state in the execution of public justice. The evidence offered did not tend to mitigate the wrongful act of the defendant in the least degree.

*Exceptions overruled.*